# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIE D. JACKSON,<br>            Appellant, | DOCKET NUMBER<br>SF-0752-10-0628-X-1 |
|            v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | DATE: October 20, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Willie D. Jackson, Los Angeles, California, pro se.

Maya Soloway, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    On December 15, 2011, the administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in partial noncompliance with the administrative judge's July 9, 2010

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision that became the Board's final decision on August 13, 2010, and the matter was referred to the Board for consideration.[2] MSPB Docket No. SF-0752-10-0628-C-1, Recommendation (Dec. 15, 2011); *see* 5 C.F.R. § 1201.183. The administrative judge found that the agency had not complied with the Board's final decision regarding restoring the appellant to duty and paying him the appropriate amount of back pay and benefits. Recommendation.

¶2   In response, the agency submitted a letter to the appellant dated December 23, 2011, which stated that the appellant had been restored to his position. MSPB Docket No. SF-0752-10-0628-X-1, Compliance Referral File (CRF), Tab 4. The appellant submitted additional documentation and arguments on January 3, 2012, March 9, 2012, and January 2, 2013, arguing that he had not received the correct amount of back pay and alleging harassment by the agency attorney and other management officials. CRF, Tabs 5, 7-8. The Board issued an Order on July 17, 2014, directing the agency to provide evidence that the appellant was returned to his pre-separation position, and that he was paid the appropriate amount of back pay, with interest. CRF, Tab 10.

¶3   The appellant submitted a response to the Order on July 31, 2014, arguing that the agency did not pay him "monies owed to me" and that the agency did not promote him pursuant to an alleged agreement with the agency. CRF, Tab 11. He also alleged that various agency officials were harassing him and attempting to have him fired in retaliation for filing an equal employment opportunity (EEO) complaint. *Id.* The agency submitted additional documentation on August 1, 2014, indicating that the appellant's August 29, 2009 removal was cancelled. CRF, Tab 12 at 5. The agency also submitted documentation showing that it paid the appellant back pay in the amount of $129,878.44 in adjusted gross back pay

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for enforcement in this case was filed before that date. The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

and $5,556.03 in interest, for a total of $135,434.47.  CRF, Tab 12 at 14-22, 26-28.  The agency also submitted a declaration from the Chief of the Employee-Labor Relations Section in the agency's Los Angeles office, stating that the appellant had been restored to his position of Addiction Therapist in the Community Care department and indicating that she was not aware of any promises to promote him in connection with the Board proceeding.  CRF, Tab 12 at 9-10.  She also noted that the appellant has a pending EEO case.  CRF, Tab 12 at10.  The appellant did not respond to the agency's submission.

¶4    In light of the agency's evidence of compliance and the appellant's failure to respond, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.